Rabberman v. Peirce.

## Frederick Rabberman v. R. B. F. Peirce, Receiver.

1. NUISANCES—*Existence of—Questions of Fact.*—The existence of matters alleged to constitute a nuisance, is a question of fact.

2. TRIALS—*Misconduct of Counsel.*—Where the conduct complained of occurs in the presence of the judge presiding at the trial, his attention should be called to it by an objection, which, if overruled, an exception should be taken to such ruling and incorporated in a bill of exceptions.

**Trespass on the Case.**—Damages from a nuisance.   Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding; heard in this court at the February term, 1896.   Affirmed.   Opinion filed June 18, 1896.

HADLEY & BURTON, attorneys for appellant.

W. P. TYLER, attorney for appellee; CLARENCE BROWN, of counsel.

MR. PRESIDING JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellant to recover damages for annoyance and inconvenience to himself and family by offensive smells and odors arising from the carcass of a cow buried on appellee's right of way.   In a former suit appellant recovered all damages sustained by him up to November 22, 1894, and this action was brought to recover damages for the same cause, between that date and April 10, 1895, on which latter date notice to remove said carcass was served on defendant's road-master, and the next day the remains of the cow were removed.

The authorities cited by appellant, who was defeated in

this suit, supporting the propositions that a nuisance continued is a fresh nuisance during every day it remains unabated, that new suits for damage caused by its continuance can be maintained, and that the recovery for damages sustained prior to November 22, 1894, would be no bar to the present suit, are not controverted by appellee, but the defense was that no nuisance existed during the period between November 22, 1894, and April 10, 1895. The evidence upon this question was conflicting, but if the jury credited the evidence for the defense, which would warrant a finding for defendant, and the court who saw and heard the witnesses approved the finding, the verdict ought not to be set aside.

The misconduct of counsel in statements on behalf of defendant in the argument to the jury, is also assigned for error; but it is not shown that objection was made on the trial, or the attention of the court was called to the averred misconduct and a ruling asked for or exception taken. This being conduct of counsel occurring in the presence of the judge presiding at the trial, his attention should have been called to it by an objection, which, if overruled, an exception could be taken to the ruling and incorporated in the bill of exceptions. This was not done; hence this assignment of error is not properly presented for review by this court. Thompson on Trials, Sec. 962, and cases there cited. Earll v. People, 99 Ill. 136, and several other decisions of our Supreme Court support the views above expressed.

We find no reversible error in giving, refusing or modifying instructions. The twelfth instruction given on behalf of defendant is objected to. It was as follows: "You are instructed that the plaintiff is not entitled to recover in this action anything by way of punitive damages or smart money." There was no evidence in the case to justify the assessment of exemplary, or punitive damages, and the instruction did no harm, and the giving of it is not ground for reversal. The judgment is affirmed.